Dear Ms. Landrieu:
The opinion of this office was requested concerning the authority and the responsibility of the State Bond Commission to approve elections authorizing amendments to home rule charters.
Article VI, Section 22 of the Louisiana Constitution states:
 When an election is required in a political subdivision under the provisions of this constitution which require submission to the electors of a proposition or question, the election shall be called, conducted, and the returns thereof canvassed, in accordance with the procedures established by the law then in effect pertaining to elections for incurring bonded indebtedness and special taxes relative to local finance, or as may be otherwise provided by law.
In other words, any election by a political subdivision which is required by the Constitution must be held in accordance with the procedures for bond and tax elections.
Article VI, Section 5(C) of the Louisiana Constitution provides that a home rule charter shall be adopted, amended or repealed when approved by a majority of the electors voting thereon at an election held for that purpose. Thus, in order for a home rule charter to be amended, the Constitution requires an election with the voters approving the change.
In order to hold a bond or tax election, R.S. 39:1410.61
requires that the consent and approval of the State Bond Commission be obtained by the application parish, municipality, public board, political or public corporation, subdivision or taxing district created by the constitution or laws of this state.
In summary:
 (1) If the Constitution requires a political subdivision to hold an election, the procedures for bond and tax elections must be followed;
 (2) The procedures for holding a bond or tax election require the approval of the State Bond Commission; and
 (3) The Constitution requires an election approving an amendment to a home rule charter before said amendment is effective.
It should also be noted that the redactors of the 1974 Constitution considered this issue.
The section originally listed the types of elections which required the bond or debt procedure to be followed, which list included "change of parish lines, change of location of parish seat, levying taxes . . . referendum, recall, or the adoption of a home rule charter". The list was deleted by amendment in order to shorten the section, but not change the intent. See Transcripts of the Constitutional Convention, 59th Day Proceedings — October 3, 1973, pgs. 1561-62.
Based on the foregoing, it is the opinion of this office that the consent and approval of the State Bond Commission must be obtained before a parish or municipality may hold an election to amend a home rule charter.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI:MSH:jav/2778
cc: Members, State Bond Commission Louisiana Municipal Association La. Police Jury Association La. School Board Association